

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C 20530*

July 30, 2009

Mark J. Rochon
Miller & Chevalier
655 Fifteenth Street, N.W.
Suite 900
Washington, DC 20005-5701

09cr 218(PLF)

**FILED**

SEP 2 4 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   United States v. Aviation Services International B.V. d/b/a/
      a/k/a Delta Logistics B.V.
      Cr. No. 07-430-M-01

Dear Mr. Rochon:

This letter sets forth the full and complete plea offer to your client, Aviation Services International B.V., doing business as/also known as, Delta Logistics B.V. (collectively referred to herein as "Aviation Services International"), from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer is conditional on the acceptance of a plea offer by your client's co-defendants, Robert Kraaipoel and Niels Kraaipoel, and expires on **August 17, 2009**. If your client accepts the terms and conditions of this offer, both an authorized representative of your client and you should execute this document in the spaces provided below and return the original document to us on or before August 17, 2009. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1. **Charges and Statutory Penalties**

Your client agrees to waive indictment and plead guilty to a one-count criminal Information, which will be filed in the United States District Court for the District of Columbia. A copy of the Information is attached. The Information charges your client with participating in a conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371. In particular, the Information charges a conspiracy to violate the International Emergency Economic

Powers Act ("IEEPA"), 50 U.S.C. § 1705, and the Export Administration Regulations ("EAR"), 15 C.F.R. Parts 730-774, and to violate the Iranian Transactions Regulations, 31 C.F.R. §§ 560.203 and 560.204.

Your client, as a corporate violator, understands that this charge carries a maximum fine of twice the pecuniary gain pursuant to 18 U.S.C. § 3571(d) and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. The parties agree that, based on information that your client provided to the government, your client earned no more than $ 493,126 in profits from its dealings with Iran from October 1, 2005, through October 30, 2007. The parties agree that, based on this estimate of $ 493,126, the maximum criminal fine is $ 986,252. Your client is also subject to a term of corporate probation of five years pursuant to 18 U.S.C. § 3561. In addition, pursuant to 18 U.S.C. § 3013(a)(2)(B), you client agrees to pay the mandatory special assessment of $400 to the Clerk of the United States District Court prior to the date of the sentencing.

### 2. Factual Stipulations

Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that, before or during the plea hearing, your client, through its designated representative, will adopt and sign the Factual Proffer as a written proffer of evidence.

### 3. Sentencing Guidelines Stipulations

The parties to this agreement agree that your client's sentence is not governed by the United States Sentencing Guidelines (hereinafter "Guidelines" or "U.S.S.G."). That is because, although the offense conduct to which your client is pleading guilty is covered by § 2M5.1(a), that Guideline is not listed under § 8C2.10 which governs fines for organizations. Accordingly, pursuant to § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

### 4. Additional Charges

In consideration and as an express condition of this corporate plea agreement, no additional criminal charges shall be filed against Aviation Services International, its subsidiaries, affiliates, or successors-in interest by the United States Attorney's Office for the District of Columbia with regard to any conduct described in the accompanying written factual proffer or with regard to any information provided by an officer or employee of the company before execution of this Agreement.

### 5. Sentencing Guidelines

The parties to this agreement agree that your client's sentence is not governed by the United States Sentencing Guidelines. Although the offense conduct to which your client is

pleading guilty is covered by § 2M5.1(a)(1), that Guideline is not listed under U.S.S.G. § 8C2.1, which governs fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

### 6. Plea Pursuant to Rule 11(c)(1)(C)

Your client and the government agree that a criminal fine of $ 100,000 and corporate probation of five years, is the appropriate sentence for the charge to which your client is pleading guilty. The parties agree that $ 100,000 is the appropriate criminal fine in resolution of this matter, taking into account the inapplicability of the Guidelines, the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). The criminal fine shall be paid by cashier's check or certified check made payable to: "Clerk, United States District Court for the District of Columbia."

Your client agrees that no portion of the $ 100,000 that your client has agreed to pay under the terms of this agreement is deductible on any Federal, State, or foreign tax or information return.

In addition to any other conditions of probation that the United States Probation Office may propose and/or the Court may impose, your client and the government further agree that the following conditions of corporate probation are appropriate in this case and your client agrees to abide by them: (1) your client shall pay the sum set forth in this agreement; and (2) pursuant to 18 U.S.C. § 3563(a)(l), your client shall not commit any federal, state, or local crimes during the term of probation.

The government also agrees, pursuant to Rule 11(c)(l)(C) of the Federal Rules of Criminal Procedure to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

### 7. Cooperation with the Government

Your client agrees to cooperate fully, completely, and truthfully with all investigators and

attorneys of the government, by truthfully providing all information in your client's possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation, including but not limited to the conduct set forth in the Information and the Factual Proffer. Subject to the terms of this agreement, current officers, directors, and employees will be made available for testimony; and contact information for former officers, directors, and employees will be provided. Your client's cooperation shall include, but is not limited to, the following: volunteering and providing any information and documents to the government that come to your client's attention related to the subject matter of this investigation; assembling, organizing, and providing to the government documents and any other evidence in your client's possession related to the subject matter of this investigation, as requested; and providing testimony or information necessary to identify or establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any criminal or other proceeding related to the subject matter of this investigation, as requested. The parties agree that all such requests for cooperation will be made in writing directed to undersigned counsel for the Company.

Your client shall use its reasonable best efforts to make available its present and former officers, directors, and employees to provide information and or testimony as requested, including sworn testimony before a grand jury or in court proceedings, as well as interviews with law enforcement authorities, and to identity witnesses who, to your client's knowledge and information, may have material information related to the subject matter of this investigation.

Your client shall not, in relation to this investigation any criminal prosecution arising therefrom, assert any claim of privilege (including but not limited to the attorney-client privilege and the work product protection) as to any documents, records, information, or testimony related to the subject matter of this investigation, provided that your client may assert attorney-client privilege, work product protection, or other privileges with respect to privileged communications made and work product created after October 1, 2007. Your client agrees that, in the event that a witness needs to refer to a privileged communication that occurred after October 1, 2007, to provide a complete response to a question concerning the time period for which your client has agreed not to assert privilege, your client will allow the witness to provide a complete response.

If a witness is uncertain as to whether particular privileged communications falls within the agreed-upon waiver period, the parties agree that the witness will be afforded a reasonable opportunity to consult with Company counsel before answering questions relating to such privileged communications.

Your client shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of criminal activity and related matters which concern the subject matter of this investigation, including but not limited to the conduct set forth in the Information.

Your client agrees not to commit any criminal violation of federal, state, or local law

4

during the period of your client's cooperation with law enforcement authorities pursuant to this agreement or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all of its obligations under this agreement. However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty.

### 8. Reservation of Allocution

Your client understands that the government reserves its full right of allocution for purposes of sentencing in the event the Court rejects the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure or your client withdraws its plea. In such an event, the government reserves its right to recommend a fine up to the maximum fine allowable by law. The government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. Both parties reserve the right to inform the pre-sentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the pre-sentence report, and to contest any matters not provided for in this plea agreement.

### 9. Breach of Agreement

Your client understands and agrees that, if your client fails specifically to perform or to fulfill each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the government will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes that your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules. As a result of this waiver, your client understands and agrees that any statements that are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible against your client for any purpose in any criminal or civil

proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn.

Moreover, in the event that your client's guilty plea is withdrawn, your client agrees that the government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an earlier agreement by the parties.

If your client breaches this plea agreement, any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on any statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the government shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the government need only prove a violation of federal, state, or local criminal law by preponderance of the evidence in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the government reserves the right to prosecute it for any such offenses. Your client further understands that any perjury, false statements, or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**10.   Appeal Waiver**

It is agreed that (a) your client will not file a direct appeal of any sentence imposed pursuant to this plea agreement, including but not limited to, the imposition of the criminal fine agreed upon by the parties as set forth above, and (b) the government will not appeal any sentence imposed pursuant to this plea agreement.

**11.   Prosecution by other Agencies or Jurisdictions**

This agreement only binds the United States Attorney's Office for the District of Columbia and the National Security Division of the United States Department of Justice. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States

Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. The United States Attorneys Office for the District of Columbia and the National Security Division of the United States Department of Justice agree to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this agreement and the cooperation provided by your client.

**12.     No other Agreements**

No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to us. The original of this plea agreement will be filed with the Court.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

                                        Very truly yours,


                                        _____
                                        CHANNING D. PHILLIPS
                                        Acting United States Attorney


                                        _____
                                        DENISE CHEUNG
                                        Assistant United States Attorney
                                        (202) 307-2845

                                        RYAN FAYHEE
                                        Trial Attorney
                                        National Security Division
                                        U.S. Department of Justice
                                        (202) 307-2050

JONATHAN C. POLING
Trial Attorney
National Security Division
U.S. Department of Justice
(202) 305-0179

## DEFENDANT'S ACCEPTANCE

I am the President of Aviation Services International. I am authorized by Aviation Services International to act on its behalf in this matter.

I have read this Plea Agreement and have discussed it with the corporation's attorney, Mark J. Rochon, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 9/24/09

ROBERT KRAAIPOEL, President
Aviation Services International

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9-24-09

MARK J. ROCHON, ESQ.
Attorney for Defendant